IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE PETER SZANTO,<br><br>Debtor/Appellant<br>_____<br><br>CANDACE AMBORN,<br><br>Plaintiff,<br><br>v.<br><br>THE YANKEE TRUST CORPORATION,<br><br>Defendant. | Case No. 3:18-cv-1841-SI<br><br>(Bankr. Ct. Case No. 16-33185-pcm7)<br>(Adv. Pro. No. 18-3042-pcm)<br><br>OPINION AND ORDER |

Peter Szanto, Appellant *Pro Se*.

Gary L. Blacklidge, Russell D. Garrett, and Robyn L. Stein, JORDAN RAMIS PC, Two Centerpointe Drive, 6th Floor, Lake Oswego, OR 97035. Of Attorneys for Chapter 7 Trustee Candace Amborn.

**Michael H. Simon, District Judge.**

  This case comes to the District Court as an appeal from the default judgment entered by the U.S. Bankruptcy Court for the District Oregon (Bankruptcy Court) against The Yankee Trust Corporation (Yankee Trust). The default judgment was entered in an adversary proceeding filed by the former Chapter 7 Trustee Stephen P. Arnot, who has since been replaced by Candace

PAGE 1 – OPINION AND ORDER

Amborn (the Chapter 7 Trustee is referenced as the "Chapter 7 Trustee," regardless of who is in the position). Yankee Trust is a Massachusetts Corporation incorporated by Peter Szanto (Szanto), the debtor in a Chapter 7 bankruptcy proceeding. The Chapter 7 Trustee filed the adversary proceeding against Yankee Trust, requesting that Yankee Trust turn over funds from two bank accounts held by the corporation to be held as property of the bankruptcy estate. Yankee Trust did not appear in the action. Szanto purported to file a motion to dismiss and counterclaims in the adversary proceeding, which the Bankruptcy Court struck because Szanto was not a party to the adversary proceeding and could not represent Yankee Trust. The Bankruptcy Court also denied Szanto's motions to substitute himself for Yankee Trust as a party under Rule 25(c) of the Federal Rules of Civil Procedure and to intervene. Then the Bankruptcy Court entered a default judgment against Yankee Trust. Szanto appeals that default judgment to this Court. For the reasons that follow, Szanto's appeal fails because he lacks standing to challenge the default judgment and also because any appeal fails on the merits.

## LEGAL STANDARDS

**A. Standing**

"In the bankruptcy context, [the Ninth Circuit has] adopted a prudential test to determine whether an appellant has standing to appeal as a 'person aggrieved' by the bankruptcy order. Under this standard, an appellant is aggrieved if the bankruptcy court order diminishes the appellant's property, increases his burdens, or detrimentally affects his rights." *In re Pena*, 974 F.3d 934, 938 (9th Cir. 2020) (quotation marks and citation omitted); *see also Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) ("Under this prudential standing doctrine, only a 'person aggrieved,' that is, someone who is directly and adversely affected pecuniarily by a bankruptcy court's order, has standing to appeal that order." (quotation marks omitted)). "Ordinarily, a [Chapter 7] debtor cannot challenge a bankruptcy court's order unless there is

PAGE 2 – OPINION AND ORDER

likely to be a surplus after bankruptcy." *In re Pena*, 974 F.3d at 938 (quoting *In re P.R.T.C., Inc.*, 177 F.3d 774, 778 n.2 (9th Cir. 1999) (alteration added in *In re Pena*). Courts have made an exception when the debtor claimed entitlement to property that the trustee has abandoned. *Id.* Courts also "generally do not invoke this test in instances in which the appellant was the party that brought the motion at issue on appeal." *In re Sisk*, 962 F.3d 1133, 1143 (9th Cir. 2020) (simplified). This is "because the purpose of the doctrine—limiting the appeals of remote non-parties—is not implicated when the appellant is the party below and remains integrally connected to the issues on appeal." *Id.*

### B.  Standard of Review for Appeal of Default Judgment

A bankruptcy court's decision on a default judgment is reviewed for abuse of discretion. *See In re Mcharo*, 611 B.R. 657, 660 (B.A.P. 9th Cir. 2020); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 852 (9th Cir. 2007) ("We review them [default judgments] for abuse of discretion."). "A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (simplified); *see also In re Taylor*, 599 F.3d 880, 887-88 (9th Cir. 2010) ("If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion.").

## PROCEDURAL BACKGROUND

On August 16, 2016, Szanto filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. This started Bankruptcy Case No. 16-bk-33185-pcm11. The Bankruptcy Court later converted that case, over Szanto's objection, to a proceeding under Chapter 7

PAGE 3 – OPINION AND ORDER

(changing the case number to 16-bk-33185-pcm7). On May 11, 2018, the Chapter 7 Trustee at the time filed a complaint against Yankee Trust, beginning Case No. 18-3042-pcm (the Adversary Proceeding), which is the case that is the subject of this appeal.

On July 11, 2018, the day Yankee Trust's response was due, Szanto filed a document purporting to be a (1) statement of unwillingness to consent to entry of final orders by the Bankruptcy Court; (2) demand for a jury trial; (3) motion to dismiss; (4) counterclaims; and (5) "joinder" of the Chapter 7 Trustee as a Counterclaim-Defendant. On July 13, 2018, the Bankruptcy Court struck this filing because Szanto was not a party to the Adversary Proceeding or a licensed attorney representing Yankee Trust as its counsel. The Bankruptcy Court also noted in its Order that Szanto had not moved to substitute as a party under Rule 25(c) of the Federal Rules of Civil Procedure.

Szanto then filed a motion under Rule 25(c) to substitute as a party in place of Yankee Trust. On August 9, 2018, the Bankruptcy Court denied this motion on multiple grounds. On August 27, 2018, the Bankruptcy Court entered an Order of Default against Yankee Trust. Meanwhile, Szanto had moved to intervene in the Adversary Proceeding. On September 13, 2018, the Bankruptcy Court denied this motion. Szanto next filed a motion to set aside the default, which the Bankruptcy Court struck. Szanto also filed a purported shareholder's "derivative" action challenging service of process on Yankee Trust. On October 2, 2018, the Bankruptcy Court struck this filing and ordered the Chapter 7 Trustee to submit a default judgment to the Bankruptcy Court for it to enter. On October 4, 2018, the Bankruptcy Court entered the default judgment. On October 16, 2018, Szanto filed his Notice of Appeal, appealing the Bankruptcy Court's default judgment.

**DISCUSSION**

Szanto argues that the default judgment is legally erroneous because his incorporation of Yankee Trust fails as a matter of law, and thus the entity is not valid, not subject to service of process, not a proper party in the Adversary Proceeding, and not subject to a default judgment. Szanto also argues that the monies he deposited into the Yankee Trust account were as an employee and not his own assets, that he lacks control over and ownership interest in the funds, and thus the funds are not properly part of the bankruptcy estate. This, however, is an argument that relates to the merits of the Adversary Proceeding and not this appeal.

Szanto further argues that the Bankruptcy Court erred in denying Szanto's motions to substitute himself as a party and to intervene and striking the purported motion to dismiss and counterclaims and derivative action. Those orders by the Bankruptcy Court, however, are not the subject of this appeal. Szanto filed his Notice of Appeal on October 16, 2018, attached the default judgment as the only exhibit, and stated that he was appealing "the judgment attached hereto."

An appellant must file a notice of appeal within 14 days from the entry of a final order by the bankruptcy court.[1] Fed. R. Bankr. P. 8002(a)(1). The notice must "be accompanied by the judgment, order or decree, or the part of it, being appealed." Fed. R. Bankr. P. 8003(a)(3)(B). In other words, an "appellant is required to designate in the notice of appeal the specific judgment or order appealed from in the particular concerned case." *In re Clark*, 2014 WL 5646640, at *6 (B.A.P. 9th Cir. Nov. 4, 2014), *aff'd*, 662 F. App'x 544 (9th Cir. 2016). "[I]f a litigant files

---

[1] Even if Szanto had attached to his Notice of Appeal the Bankruptcy Court's orders denying Szanto's motion to intervene as a matter of right and motion to substitute as a party and striking Szanto's motion to dismiss, his October 16, 2018 appeal of those orders would have been untimely because it was filed more than 14 days after the Bankruptcy Court issued those orders.

papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988). "This liberal principle of construction is not without limits, however, and does not excuse noncompliance with the rules, especially here, where nothing listed in the Notice of Appeal gives any indication that [Szanto] sought to appeal any order" other than the default judgment. *See Horowitz v. Sulla*, 2017 WL 1352211, at *8 n.12 (D. Haw. Apr. 11, 2017) (citing cases); *see also In re Clark*, 2014 WL 5646640, at *6 ("However, that liberal principle of construction is not without limits and does not excuse noncompliance with the rules of appellate procedure."). A mistake in failing to designate an order in a notice of appeal may not be fatal if the intent to appeal a specific order or judgment can fairly be inferred from the notice of appeal. *In re* Clark, 2014 WL 5646640, at *6. Szanto's Notice of Appeal, however, can fairly be read only as intending to appeal the default judgment. Thus, the only matter on appeal is the default judgment.

Appellee argues that this Court should dismiss the appeal for lack of standing. Appellee argues, alternatively, that the Court should affirm the Bankruptcy Court's default judgment on the merits.

**A. Standing on Appeal**

    **1. Representative Capacity**

Szanto is representing himself in this appeal *pro se*. Szanto is not a licensed attorney. Yankee Trust is a business entity—it was incorporated in Massachusetts in 2014. A *pro se* litigant who is not a licensed attorney cannot represent a business entity in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not

PAGE 6 – OPINION AND ORDER

allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)).

Szanto's argument that his 2014 incorporation of the business entity contained defects that renders the entity not a valid corporation and not subject to the Adversary Proceeding does not provide Szanto with standing to represent Yankee Trust. That is an argument that Yankee Trust could raise, with the assistance of counsel. Thus, Szanto does not have standing to bring this appeal on behalf of Yankee Trust.

### 2. Individual Capacity

"All circuits, including [the Ninth Circuit], limit standing to appeal a bankruptcy court order to 'persons aggrieved' by the order[,] . . . that is, someone who is 'directly and adversely affected pecuniarily' by a bankruptcy court's order." *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) (citation omitted) (simplified). "An order that diminishes one's property, increases one's burdens, or detrimentally affects one's rights has a direct and adverse pecuniary effect for bankruptcy standing purposes." *Id.*

The "aggrieved person" prudential standing standard is narrower than Article III standing.

> It exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings. This need springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.

*Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983). A debtor does not normally have the requisite interest. "Ordinarily, a Chapter 7 debtor cannot challenge a bankruptcy court's order

PAGE 7 – OPINION AND ORDER

unless there is likely to be a surplus after bankruptcy." *In re Pena*, 974 F.3d 934, 938 (9th Cir. 2020) (simplified).

Szanto is not considered an "aggrieved person" in this case. Szanto does not argue the existences of a likely surplus. He also repeatedly asserts that he does not have any direct pecuniary interest in Yankee Trust's assets, which is why he contends that those assets are improperly in the bankruptcy estate. In Szanto's opening brief, he states that Yankee Trust was formed to "create profit with the purpose of providing **perpetual income** to [Szanto's] wife and children . . . **without interference, meddling, intrusion or bossiness from** [Szanto]." ECF 37 at 4 (emphases in original). Szanto repeatedly states that Yankee Trust only purports to benefit his wife and children and that he personally "never had any interest in the Yankee Trust," was not a shareholder in the corporation, and "had no ownership interest in the Yankee Trust at any time." ECF 37 at 6-7; *see also, e.g.*, *id.* at 7 (stating that Szanto had no ownership or interest in Yankee Trust and "received no money of any kind" from it); *id.* at 11 (repeatedly emphasizing that he had no ownership or interest in Yankee Trust); *id.* at 12 (stating that he had no "ownership nor interest nor potential for personal profit of any sort" in Yankee Trust); *id.* (stating that the allegations in the complaint that he managed, controlled, made investments, and withdrew money from Yankee Trust accounts are false); *id.* at 16 (denying ownership or possession of Yankee Trust and its accounts); *id.* at 17 (denying ownership, interest, or possession of Yankee Trust and its accounts); *id.* at 21 (stating that the assets of Yankee Trust were irrevocably vested to his wife and children, who were its sole shareholders); *id.* at 32 (denying that he is a shareholder of Yankee Trust with any "tangible, definable, quantifiable interest").

An appellant, however, cannot rest a claim for relief on the rights or interests of another. *In re Umpqua Shopping Ctr., Inc.*, 111 B.R. 303, 305 (B.A.P. 9th Cir. 1990). Even though

Szanto's wife (now deceased) and children might constitute "aggrieved persons" under the legal definition of the phrase, Szanto himself is not personally an "aggrieved person" and thus lacks standing in this case. He also could not represent the interests of his wife or children, because he is not a licensed attorney. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that although a non-attorney litigant may represent himself or herself *pro se* in a civil matter in court, "that privilege is personal to him [or her]" and does not entitle the non-attorney to represent others in legal matters").

Szanto additionally contends that he purchased all of Yankee Trust's shares on June 5, 2018—almost two years post-petition and several weeks after the Chapter 7 Trustee initiated the Adversary Proceeding. Szanto provides no documentary evidence of this purported sale. Regardless, standing is evaluated at the time a complaint is filed. *Cf. Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) ("The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint."). At the time the Adversary Proceeding was commenced, Szanto states that he was not a shareholder or a person with any interest in Yankee Trust.

Further, assuming the alleged sale of shares in Yankee Trust occurred as contended by Szanto and the Court were to consider Szanto's standing after the sale, that still would not provide him with standing. He continues to maintain that the assets of Yankee Trust are for the benefit of his wife and children and not for himself (and thus erroneously placed in the bankruptcy estate). Thus, even after the sale, he does not have the requisite direct pecuniary interest. Further, "[a] stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists of the diminution in the

PAGE 9 – OPINION AND ORDER

value of his corporate shares resulting from the impairment of corporate assets." *In re Anchorage Nautical Tours, Inc.*, 145 B.R. 637, 641 (B.A.P. 9th Cir. 1992) (quoting *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970)). Therefore, Szanto does not have standing to bring this appeal.

**B.  Merits**

Even assuming Szanto did have standing to bring this appeal, the appeal fails on the merits. The Chapter 7 Trustee originally served the Summons and Complaint on the registered agent for Yankee Trust on May 14, 2018. Concerned that the registered agent may have resigned around the time of service, the Chapter 7 Trustee requested that the Bankruptcy Court issue an Alias Summons. On June 12, 2018, the Chapter 7 Trustee served the Alias Summons and Complaint on Szanto as the President, Secretary, and Treasurer of Yankee Trust and on Szanto's wife as the former President and Director. The answer was due on July 11, 2018. On that date, Szanto filed *pro se* his purported motion to dismiss and counterclaims.

The Bankruptcy Court repeatedly notified Szanto that as a *pro se* litigant who is not a licensed attorney that he could not represent Yankee Trust in the Bankruptcy Court. That is why the Bankruptcy Court struck all the pleadings filed by Szanto that purported to be on behalf of Yankee Trust. The Bankruptcy Court denied the motions filed by Szanto to insert himself, individually, into the Adversary Proceeding. The Bankruptcy Court entered the order of default, followed by the default judgment, because no attorney for Yankee Trust ever filed a response to the complaint.

The Bankruptcy Court applied the correct legal standards, and its application of those standards to the facts was not implausible, illogical, of without support in inferences that may be drawn from the facts in the record. *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d at 424; *see also In re Taylor*, 599 F.3d at 887-88. The Chapter 7 Trustee properly and

PAGE 10 – OPINION AND ORDER

timely served Yankee Trust. No attorney entered an appearance on Yankee Trust's behalf, and Yankee Trust did not timely respond to the complaint in the Adversary Proceeding. As the Court has addressed above, Szanto is not a licensed attorney and cannot represent the corporation. Therefore, the Bankruptcy Court did not abuse its discretion in entering a default judgment against Yankee Trust.

### C. Judicial Bias

Szanto also argues that the Bankruptcy Court Judge exhibited bias against and "intense hatred" toward Szanto that caused adverse rulings on every motion filed by or against him. As this Court has previously held, Szanto has failed to assert anything other than comments made and adverse rulings by U.S. Bankruptcy Judge McKittrick, which are insufficient to show judicial bias. *See Szanto v. Szanto*, 2019 WL 1932366, at *5, 8 (D. Or. May 1, 2019). Szanto offers nothing substantively different in his assertions of bias for the ruling challenged in this appeal. The Court again finds that such conduct is insufficient to show judicial bias sufficient to warrant reversal. *See Liteky v. United States*, 510 U.S. 540, 550-51, 555-56 (1994).

## CONCLUSION

The Court AFFIRMS the decision of the Bankruptcy Court.

**IT IS SO ORDERED**.

DATED this 2nd day of February, 2022.

                        /s/ *Michael H. Simon*
                        Michael H. Simon
                        United States District Judge